108 F.3d 1377
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cortez Elmer HUMPHRIES, Defendant-Appellant.
 No. 96-1071.
 United States Court of Appeals, Sixth Circuit.
 March 13, 1997.
 
 E.D.Mich., No. 95-80132; Barbara K. Hackett, Judge.
 E.D.Mich.
 AFFIRMED.
 Before: JONES, SUHRHEINRICH, and SILER, Circuit Judges.
 
 ORDER
 
 1
 This is a direct appeal from a criminal conviction in which counsel for the defendant moves to withdraw representation. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1995, Cortez Elmer Humphries was named in an eight count indictment charging him with trafficking in illegal drugs and other crimes. Humphries later entered into an agreement to plead guilty to two of the counts in exchange for the dismissal of the remainder of the indictment. The district court accepted the plea and found Humphries guilty of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846, and of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The court sentenced Humphries to a 188 month term of imprisonment and this appeal followed.
 
 
 3
 Counsel for Humphries filed a motion to withdraw as well as a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit and Anders v. California, 386 U.S. 738 (1967). Humphries was served with this motion and invited to respond but he chose not to participate.
 
 
 4
 Humphries, and an indicted co-conspirator, apparently engaged in a series of cocaine base sales with an undercover law enforcement agent from January 26, 1995 through February 22, 1995. Humphries, a convicted felon, also sold a shotgun to the same undercover officer on February 7, 1995. All of these transactions took place in Detroit, Michigan. Humphries was thereafter indicted for five counts relating to the drug sales and three counts involving his improper possession of firearms. Humphries, through his two attorneys, entered into an agreement to plead guilty to two counts of the indictment. The remaining counts were to be dismissed with a guideline range of 188-235 months. The government also agreed to move for a downward departure at sentencing pursuant to USSG § 5K1.1 if satisfied that Humphries had provided substantial assistance in the investigation of other individuals.
 
 
 5
 The court subsequently accepted Humphries's plea and set the matter for sentencing. The court eventually sentenced Humphries at the lowest end of the guideline range, 188 months, in the absence of a § 5K1.1 motion for a downward departure.
 
 
 6
 Counsel for Humphries alludes to one arguable compound issue for appeal, namely, the failure of the government to make a § 5K1.1 motion and the district court's dereliction in not effecting a downward departure on its own volition. Counsel accurately notes, however, that the government's decision in this regard is insulated from appellate review where, as in the case at bar, there is no evidence of an unconstitutional motive. Wade v. United States, 504 U.S. 181, 185-86 (1992). The district court was not otherwise empowered to effect a downward departure under these circumstances. 18 U.S.C. § 3553(e).
 
 
 7
 There are no other grounds apparent to invalidate Humphries's conviction. Humphries never contested the facts underlying the charges. In addition, Humphries pleaded guilty to an offense that was committed in the city of Detroit, Michigan. The language of the indictment tracks that of the applicable statutes and Detroit [Wayne County] lies in the Eastern District of Michigan. 28 U.S.C. § 102(a)(1). Therefore, neither jurisdiction nor venue appears to be in issue in this case and Humphries's guilty plea acted as a waiver of any non-jurisdictional defects in the pre-plea proceedings. Tollett v. Henderson, 411 U.S. 258, 267 (1973).
 
 
 8
 The transcript of the plea colloquy reflects the district court's strict adherence to the dictates of Fed.R.Crim.P. 11(c), including an inquiry into Humphries's capacity to offer the plea, and the recitation of the factual basis for the plea. The court accurately related the maximum penalties to which Humphries would be exposed and determined that he was not under the influence of any drugs. The transcript of the sentencing reflects that Humphries and his counsel were present and were given ample opportunity to comment on the agreement and the presentence report. The government did not make a § 5K1.1 motion for a downward departure but the court did, in fact, sentence Humphries at the lowest end of the guideline range. No error is apparent.
 
 
 9
 Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.